UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KERRY DANIEL CLARK,

     Plaintiff,

v.                                                        CASE NO. 6:16-cv-130-Orl-37KS

RENEE A. ROCHE,

     Defendant.

_____/

## **ORDER**

This cause is before the Court on a "Petition for Temporary Injunction or Preliminary Injunction" filed by *pro se* Plaintiff Kerry Daniel Clark (Doc. 1). Plaintiff is seeking to enjoin Defendant Renee A. Roche, a state court judge, from presiding over his criminal case. *Id.* at 1. Plaintiff alleges that Defendant Roche ordered him to be designated as a sexual predator even though he does not qualify as such, "kidnapped" him, secretly confined him, concealed evidence during the state court proceedings, and refused to disqualify herself as a judge in his case. *Id.* at 1-6. Plaintiff also contends that Defendant Roche forced him to testify against himself and permitted the prosecutor to fabricate evidence. *Id.* at 6-8.

The Eleventh Circuit has fashioned a four-factor test for granting an injunction in this Court:

> To be entitled to injunctive relief, the moving party must establish that (1) there is a substantial likelihood that he ultimately will prevail on the merits of the claim; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to the movant outweighs

whatever damage the proposed injunction may cause the opposing party; and (4) the public interest will not be harmed if the injunction should issue.

*Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983) (citations omitted). "The purpose of . . . a preliminary injunction is 'merely to preserve the relative positions of the parties until a trial on the merits can be held.'" *United States v. Lambert*, 695 F.2d 536, 539-40 (11th Cir. 1983) (quoting *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)). "Because a preliminary injunction is 'an extraordinary and drastic remedy,' its grant is the exception rather than the rule, and Plaintiff must clearly carry the burden of persuasion." *Lambert*, 695 F.2d at 539 (quoting *State of Texas v. Seatrain International, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975)).

Further, Plaintiff must comply with Local Rule 4.05 and/or Local Rule 4.06, Rules of the United States District Court for the Middle District of Florida and Federal Rule of Civil Procedure 65 in drafting his motion. These rules govern this Court's decision as to whether an injunction shall issue.

Plaintiff has failed to comply with the Local Rules in drafting his motion. Specifically, Plaintiff has not supported his motion with facts indicating that he is threatened with injury. Additionally, Plaintiff has not demonstrated a likelihood that he will ultimately prevail on the merits of his claims in this case. *See* Local Rules 4.05 and 4.06 (b)(2)-(4), Middle District of Florida. Moreover, Plaintiff has failed to demonstrate that he will suffer irreparable injury if the motion for temporary injunction is not granted. Plaintiff cannot meet his burden with respect to these factors because Defendant Roche is immune from suit for actions taken while acting in her judicial capacity unless she acted

in the clear absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 9-12 (1991); *Manning v. Harper*, 460 F. App'x 872, 876 (11th Cir. 2012). The actions of which Plaintiff complains were taken while Defendant Roche was acting within her judicial capacity. Therefore, Plaintiff is not entitled to a temporary or preliminary injunction, and the case is subject to dismissal for failure to state a claim.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1.     Plaintiff's Petition for Temporary Injunction or Preliminary Injunction (Doc. 1) is **DENIED**.

2.     The case is **DISMISSED** for failure to state a claim on which relief may be granted.

3.     The Clerk of the Court is directed to terminate any pending motions, enter Judgment, and close this case.

**DONE AND ORDERED** in Orlando, Florida, this <u>3rd </u>day of February, 2016.



ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-3 2/3
Kerry Daniel Clark

3